IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNC EQUIPMENT FINANCE, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA FAIRS FINANCING AUTHORITY, et. al.,<br><br>　　　　Defendants. | No. C11-3768 JSC<br><br>**ORDER 1) DENYING DEFENDANTS' MOTION TO DISMISS; AND 2) DENYING PLAINTIFF'S MOTIONS TO STRIKE AS MOOT (Dkt. Nos. 23, 32, 39)** |

Pending before the Court is California Fairs Financing Authority ("CFFA") and 49th District Agricultural Association's ("Defendants") Motion to Dismiss and Plaintiff's motions to strike certain affirmative defenses relating to Defendants Sonoma and Marin. (Dkt. Nos. 23, 32, 39.) Having considered the papers submitted by the parties, and having had the benefit of oral argument on December 8, 2011, the Court DENIES Defendants' motion and Plaintiff's motions for the reasons set forth below.

### Defendants' Motion to Dismiss

Defendants move to dismiss for lack of jurisdiction. They contend diversity does not exist because "defendants are state agencies with sovereign immunity," "plaintiff is a citizen

of California," and finally "there is no controversy and therefore diversity jurisdiction does not exist." (Dkt. No. 39 at 2.)

### 1. Sovereign Immunity

Defendants assert that "each of the defendants is a state agency" and therefore entitled to sovereign immunity. (Dkt. No. 39 at 5.) The "entity invoking Eleventh Amendment immunity bears the burden of asserting and proving those matters necessary to establish its defense." Del Campo v. Kentucky, 517 F.3d 1070, 1075 (9th Cir. 2008) (internal citations and quotations omitted). The five factors that determine whether a governmental agency is an arm of the state are "[1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has power to take property in its own name or only the name of the state, and [5] the corporate status of the entity." ITSI T.V. Productions, Inc. v. Agricultural Associations, 3 F.3d 1289, 1292 (9th Cir. 1993) (internal citations and quotations omitted). The Ninth Circuit has already determined that agricultural associations that run state fairs, such as Defendant 49th District Agricultural Association, are not arms of the state. Id. at 1294. Counties are likewise not arms of the state. Northern Insurance Co. of New York v. Chatham Co., GA, 547 U.S 189 (2006). Thus, Defendant CFFA, as a joint powers authority consisting of counties and agricultural associations, does not qualify as an arm of the state. Defendants' ipse dixit assertion that they are entitled to sovereign immunity is wholly insufficient, and their motion on this ground must be denied.

### 2. Citizenship of Plaintiff

Defendants also argue that "Plaintiff is a citizen of California because it is registered as a foreign corporation in California and as such there is no diversity." (Dkt. No. 39 at 6.) Defendants assert that "combining [Plaintiff's] acceptance of the laws and jurisdiction of California with the practical economic implications of registering as a California Foreign Corporation, plaintiff appears to intend to be a citizen of the state." (Dkt. No. 39 at 7.) There is no precedent to support this novel argument. Instead, the law as to Plaintiff's citizenship is clear. Plaintiff PNC Equipment Finance LLC ("PNC LLC") is a LLC. For diversity jurisdiction purposes, a "LLC is a citizen of every state of which its owners/members are

2

citizens." <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006). PNC Bank is the sole member of PNC LLC. (Dkt. No. 57, Ex. 1.) A bank is a citizen of "the State designated in its articles of association as its main office." <u>Wachovia Bank v. Schmidt</u>, 546 US 303, 318 (2006). PNC Bank's articles of association designate Wilmington, Delaware as the location of its home office. (Dkt. No. 57, Ex. 2.) Plaintiff PNC LLC is therefore a citizen of Delaware, and diversity exists.

    3. <u>Existence of a Controversy</u>

Defendants also claim that "the only controversy asserted is a breach by CFFA of the Lease, the amount of which is not clearly alleged." (Dkt. No. 39 at 8-9.) In cases seeking injunctive relief, the "amount in controversy is the pecuniary result to either party which the judgment would directly produce." <u>Parham v. McDonald's Corp.</u>, 2011 WL 2860095 at *1 (N.D. Cal. July 20, 2011) (quoting <u>In re Ford Motor Co.</u>, 264 F.3d 952, 958 (9th Cir. 2001). Here, PNC LLC claims that over $1,000,000 is owed by CFFA, and CFFA admits to holding $432,000 in a trust account pending the resolution of this dispute. (Dkt. No. 49 at 6.) Thus, the amount in controversy is clearly over $75,000.

Defendants further assert that this case is not ripe for adjudication. (Dkt. No. 39 at 9.) If an issue depends on "contingent future events that may not occur as anticipated, or indeed not occur at all," it is not ripe for adjudication. <u>Glover v. Cate</u>, 2011 WL 2746093 at *7 (E.D. Cal. July 13, 2011) (quoting <u>18 Unnamed "John Smith" Prisoners v. Meese</u>, 871 F.2d 881, 883 (9th Cir. 1989)). Here PNC LLC alleges, and CFFA does not dispute, that PNC has not received payments from CFFA since March 2011. The event triggering PNC LLC's alleged right to enforce Use Agreements against the Fairs has in fact occurred. Thus, there is a ripe controversy among the parties.

### Conclusion

Based on the foregoing, Defendants' Motion to Dismiss for lack of jurisdiction is DENIED.

At the hearing on December 8, 2011, the Court granted Plaintiff leave to file an amended complaint on or before December 22, 2011. Defendants shall file their responses,

3

including any applicable affirmative defenses to Plaintiff's amended complaint, not more than fifteen days after the settlement conference between the parties. Plaintiff's motions to strike affirmative defenses asserted by Sonoma and Marin in response to Plaintiff's initial complaint are therefore DENIED as moot.

The parties shall appear for a further case management conference on March 8, 2012 at 1:30 p.m. if the case is still pending at that time and a joint case management statement shall be filed by March 1, 2012.

This Order disposes of Dkt. Nos. 23, 32, and 39.

**IT IS SO ORDERED.**

Dated: December 9, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE